[No. 7357–5–I. Division One. July 21, 1980.]

DOUGLAS T. MINERT, *Appellant,* v. THE HARSCO CORPORATION, *Respondent.*

*David E. Duskin* and *Bailey, Duskin & Metcalf*, for appellant.

*Donald P. Swisher* and *Houger, Garvey & Schubert*, for respondent.

Dore, J.—Plaintiff Minert brought a personal injury suit based on strict liability in tort. He appeals from a jury verdict for defendant. Defendant cross appeals. We affirm.

### Issues

1. Was the jury correctly instructed as to the elements of strict liability?

2. Was there sufficient evidence of "assumption of risk" to present that issue to the jury?

3. Was the Washington Industrial Safety and Health Act regulations (WISHA) or the federal Occupational Safety and Health Act regulations (OSHA) properly before the jury?

4. Is the doctrine of "superseding cause" appropriate to a strict liability in tort action?

### FACTS

Plaintiff Minert was injured when a 541–pound scaffold which he was disassembling tipped and fell. The defendant company designed, manufactured and leased the scaffolding to plaintiff's employer Nebbergall. The accident occurred at the Puget Sound Naval Shipyard, Bremerton, Washington.

At the time of the accident, the scaffold was freestanding and was not guyed or otherwise stabilized. Safety standards promulgated by the U.S. Army Corps of Engineers, the Scaffolding and Shoring Institute, WISHA, and OSHA all required scaffolding of the type used by Minert's employer to be guyed or otherwise stabilized before use.

The scaffolding itself had no warnings affixed to it informing the user of the need to stabilize it. No instructions or warnings to this effect were posted on the premises. Defendant gave written safety precautions to plaintiff's employer. These were part of the lease and contract form; the instructions were printed on the back of the lease agreement.

Nebbergall failed to follow the manufacturer's instructions; he neither posted safety rules in a conspicuous place, nor did he comply with local, state and federal codes, ordinances and regulations. One of the defendant's employees wrote "must be tied in" on the delivery ticket. Nebbergall and his employees perceived the term "tie in" to mean the toeboards; the wire provided was actually used to tie toeboards. The testimony was conflicting as to whether or not oral instructions were given to plaintiff's employer.

When plaintiff started on the job for Nebbergall,[1] the scaffold was in one of the hallways, braced against the walls with outriggers which had been furnished by defendant. Plaintiff's fellow employee didn't think the small gauge wire provided by defendant was guywire.

Plaintiff did no painting and his use of the scaffolding was limited to moving it and filling the spray pot attached to the scaffold. Plaintiff and others disassembled the scaffold and moved it to another area where the accident occurred. This was an "open area" and plaintiff knew that the scaffold was to be used inside. However, plaintiff considered the work area at issue to be indoors, because it was protected from the elements and was located on the level floor.

## DECISION

Plaintiff failed to comply with RAP 10.4(c)[2] which requires that all challenged jury instructions be set forth verbatim in the opening brief. He attempted to cure his defective brief by including the instructions in his reply brief. In the exercise of our discretion, pursuant to RAP 1.2(b) and RAP 18.9, we will not impose sanctions for plaintiff's error.

ISSUE 1: Elements of strict products liability in tort correctly presented.

 Restatement (Second) of Torts § 402A (1965), adopted by the Washington courts in *Ulmer v. Ford Motor Co.*, 75 Wn.2d 522, 530, 452 P.2d 729 (1969), provides in part:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his

---

[1] Plaintiff, age 22 at the time of trial, started working for Nebbergall about 1 1/2 weeks before the accident. He had worked for Nebbergall as a painter during four prior summers.

[2] RAP 10.4(c) reads, in part: "If a party presents an issue which requires study of a . . . jury instruction, . . . the party should type the material portions of the text out verbatim or include them by facsimile copy in the text or in an appendix to the brief."

property is subject to liability for physical harm thereby caused to the ultimate user or consumer, . . .

*Seattle–First Nat'l Bank v. Tabert,* 86 Wn.2d 145, 542 P.2d 774 (1975), eliminated the requirements of proving that a product is both "defective" and "unreasonably dangerous." Instruction No. 8 required that plaintiff prove, *inter alia,* that (1) the product was defective, and (2) the defect rendered the product unreasonably dangerous. Plaintiff claims this instruction requires proof that the product was both defective and unreasonably dangerous. We disagree.

The terms "defective" and "unreasonably dangerous" are synonymous in a strict tort liability action. *Lamon v. McDonnell Douglas Corp.,* 19 Wn. App. 515, 576 P.2d 426 (1978), *aff'd,* 91 Wn.2d 345, 585 P.2d 1346 (1979). "The plaintiff may, but should not be required to prove defectiveness as a separate matter." *Seattle–First Nat'l Bank v. Tabert, supra* at 154, quoted in *Lamon v. McDonnell Douglas Corp., supra* at 520.

Instruction No. 8, standing alone, is a correct statement of the law. *Lamon v. McDonnell Douglas Corp., supra* at 521. Instructions Nos. 9 and 11 further refine the proof requirements which No. 8 enumerates. Instruction No. 9 explains a "product is defective if it is unreasonably dangerous when . . . rented . . . without adequate warnings . . ." Instruction No. 11 says "'unreasonably dangerous' means . . . a product [that is] unsafe to an extent beyond what would be reasonably contemplated by the ordinary . . . user."

When read together, these instructions inform the jury that proof that a product is "unreasonably dangerous" necessarily establishes proof of a "defect." Instructions are sufficient if, when read as a whole, they properly instruct the jury on the applicable law. *Kjellman v. Richards,* 82 Wn.2d 766, 514 P.2d 134 (1973).

The jury in the subject case was properly informed of the elements of the offense.

ISSUE 2: Sufficient evidence of assumption of risk to take to jury.

Instruction No. 6 states in part:

Defendant, on the other hand, denies that the scaffolding was defectively designed or lacked proper warnings. Defendant affirmatively contends that plaintiff's injuries were caused by misuse of the scaffolding, or by a superseding cause, or *that plaintiff assumed the risk.*

(Italics ours.) Plaintiff asserts that the issue of assumption of risk was incorrectly before the jury.

■ This jurisdiction has eliminated assumption of risk as a defense in a strict tort liability action.[3] However, plaintiff's only argument on this issue is that there was insufficient evidence of plaintiff's actual knowledge of the dangers to take the question of assumption of risk to the jury. Therefore we cannot consider other possible objections, *not taken,* to this instruction. *Egede–Nissen v. Crystal Mountain, Inc.,* 93 Wn.2d 127, 606 P.2d 1214 (1980).

■ Our review of the record indicates that there was sufficient evidence that plaintiff "voluntarily and unreasonably proceeded to encounter a known danger" and therefore the jury in the subject case was properly allowed to decide the issue and plaintiff's "particular" objection to this instruction cannot be sustained. Among other things, we note the following: (1) plaintiff had worked as a painter during periods of several years before the accident, (2) he saw the scaffolding with bracing and support when used in the confined space, (3) he dismantled the scaffold from the confined space, and (4) he knew that rolling scaffolds

---

[3]The concept remains and, if proven, can reduce a judgment. In *Berry v. Coleman Sys. Co.,* 23 Wn. App. 622, 630, 596 P.2d 1365, *review denied,* 92 Wn.2d 1026 (1979), the court stated: "Therefore, the 'assumption of the risk' type of contributory negligence is a defense in a strict liability action: if [plaintiff] voluntarily and unreasonably proceeded to encounter a known danger, then contributory negligence may be presented to the jury with appropriate instructions regarding the damage–reducing factor." *But see Seay v. Chrysler Corp.,* 93 Wn.2d 319, 609 P.2d 1382 (1980).

should be used for inside work. In addition, there was disputed testimony as to whether (and to what extent) plaintiff had specific knowledge of the instructions and warnings requiring that the scaffolding be stabilized. Evidence, sufficient to support a jury instruction, can support different theories of law for both parties. *Nicholson v. Gibler*, 1 Wn. App. 368, 461 P.2d 900 (1969). Each party is entitled to have his theory of the case presented to the jury if sufficient evidence supports it. *Langan v. Valicopters, Inc.*, 88 Wn.2d 855, 567 P.2d 218 (1977).

ISSUE 3: Safety regulations properly before the jury.

Plaintiff argues that the employer's duty of care to plaintiff is not a proper issue in a strict tort liability setting. Therefore plaintiff concludes it was improper to admit testimony regarding the employer's duty under the WISHA/OSHA standards. We disagree. Evidence showing the failure of plaintiff's employer to use due care was admissible. It tended to establish an intervening, superseding cause of plaintiff's injury.[4] Testimony by defendant's expert as to the standard of care necessary under WISHA/OSHA was proper.

Testimony showing how a statute or regulation is interpreted by the officials who are charged with enforcement of it is admissible. *Ball v. Smith*, 87 Wn.2d 717, 556 P.2d 936 (1976). Defendant's expert was an industrial safety engineer with the Washington Department of Labor and Industries. His primary function was writing that department's safety standards. His department's standards required that scaffolds like the one at issue be secured. We find no error in the admission of his testimony.

Plaintiff also complains that WISHA standards are not applicable because the place of the accident, Puget Sound Naval Shipyard, is under federal, not state, jurisdiction. The trial court concluded that since OSHA (federal) and

---

[4]See discussion of Issue 4, *infra*.

WISHA (state) regulations were identical on the points in controversy, that question need not be resolved. We agree.

The court allowed the WISHA regulations to be introduced as well as instruction No. 14, which states that an applicable safety regulation requires that a certain ratio (height of a rolling scaffold to the base dimension) not be exceeded without suitable stabilizing devices. Plaintiff complains that the admission of both WISHA and instruction No. 14 gave undue emphasis to the regulation. On appeal, plaintiff also alleges that the word "regulation" in instruction No. 14[5] was improperly used instead of the word "standard."

█ █ The overemphasis argument is unpersuasive. Furthermore, it is not supported by any authority. This court will not consider it. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 209, 580 P.2d 617 (1978). The problem with the terminology was not raised at trial and cannot be raised for the first time on appeal. *Hamilton v. State Farm Mut. Auto. Ins. Co.,* 9 Wn. App. 180, 511 P.2d 1020 (1973), *aff'd,* 83 Wn.2d 787, 523 P.2d 193 (1974).

ISSUE 4: "Superseding cause" appropriate doctrine in strict tort liability cases.

Plaintiff makes a policy argument that the manufacturer's duty to distribute a safe product to the ultimate consumer is nondelegable. By interposing the negligence of plaintiff's employer (in failing to transmit the safety instructions to his employees) as a superseding cause of plaintiff's injury, plaintiff argues that manufacturers will be able to immunize themselves from liability by depending on others to warn the ultimate consumer of any dangers.

█ We agree that the manufacturer has a duty to warn the ultimate user of any dangers in its product (other than those that are open or obvious). This duty is nondelegable.

---

[5]The pertinent part of that instruction is as follows: "A safety regulation applicable to the activities of plaintiff's employer on the jobsite where plaintiff's accident occurred, provides that, . . ."

If this duty is breached, the question arises whether the breach was a proximate cause of the injury.

If the injury was the result of the manufacturer's breach, the liability for the injury will lie with the manufacturer. Any negligence of the employer will not break the causal chain, *i.e.*, insulate the manufacturer from liability, unless the act of the employer was unforeseeable.

The jury in the subject case was correctly instructed as to the manufacturer's duty to warn. Instructions Nos. 9 and 11. The jury was also correctly instructed that the negligence of the employer would not break the causal chain unless the act of the employer was unforeseeable. Instruction No. 12, in part, reads as follows:

> There may be more than one proximate cause of the same occurrence. If you find that the scaffolding was defective and that such defect was a proximate cause of injury or damage to plaintiff, *it is not a defense that the act of some other person who is not a party to this law suit may also have been a proximate cause.*
>
> However, if you find that the scaffolding was defective but that a proximate cause of the occurrence was a later independent intervening act of a person not a party to this case and that the intervening act was so extraordinary or unexpected that it can be said to fall without the realm of reasonable foreseeability, *then the defective scaffolding is superceded by the intervening act and is not the proximate cause of the alleged injury.* However, if in the exercise of ordinary care, the defendant should reasonably have anticipated the intervening act, it does not supercede the defective scaffolding if any or break the chain of proximate causation.

(Italics ours.) The trial court determined that reasonable minds could differ on the question of foreseeability. After examining the evidence herein, we agree with the trial judge. The issue of "foreseeability" was properly submitted to the jury, and we find no error in instruction No. 12.

The law of Washington recognizes the doctrine of superseding cause in a strict liability setting. *Little v. P.P.G.*

*Indus., Inc.,* 19 Wn. App. 812, 579 P.2d 940 (1978), *modified on other grounds,* 92 Wn.2d 118, 126, 594 P.2d 911 (1979).

Inasmuch as we are affirming the trial court's decision, we will not reach the merits of defendant's cross appeal.

Affirmed.

JAMES, A.C.J., and RINGOLD, J., concur.