[No. 48136–9.   En Banc.   November 2, 1981.]

CERTIFICATION FROM THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON
IN
KENNETH L. SOUTH, *Plaintiff*, v. A. B.
CHANCE COMPANY, *Defendant*.

*Richards, Bergmann & Kinerk, Inc., P.S., Dwayne A. Richards,* and *Richard B. Kilpatrick,* for plaintiff.

*Riddell, Williams, Ivie, Bullitt & Walkinshaw,* by *Richard H. Riddell,* for defendant.

BRACHTENBACH, C.J.—The question in this case was certified to us, pursuant to RCW 2.60, by the Western District of Washington at Seattle of the United States District Court.

The question certified is:

> In a strict liability cause of action to which the new comparative fault statute (S.B. 3158) [Laws of 1981, ch. 27] is not applicable, does a finding that plaintiff assumed the risk of accident bar the plaintiff's recovery or does assumption of risk operate only as a damage–reducing factor?

The answer is that assumption of the risk operates as a damage–reducing factor rather than a complete bar to a plaintiff in a strict liability cause of action.

The parties stipulated that the federal court plaintiff was injured while working in an aerial manlift manufactured by defendant. Plaintiff makes no negligence claim; he relies upon a strict product liability theory. One of the defenses is assumption of risk.

The necessity for an answer to the certified question arises from several of our cases in this rapidly changing field.

*Seattle–First Nat'l Bank v. Tabert,* 86 Wn.2d 145, 542 P.2d 774 (1975), was a strict liability theory. Plaintiff had appealed from a defendants' summary judgment. Assumption of risk was asserted as a defense. We acknowledge that comment *n* to section 402A of Restatement (Second) of Torts (1965) recognizes such a defense which operates as a bar to recovery. Without definitively ruling on the *effect* of allowing such a defense to be *raised,* we said it could not be ruled upon as a matter of law on a summary judgment motion.

In *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 157–58, 570 P.2d 438 (1977), without commenting on *Tabert*'s above statement, we said:

Although under comment *n* a plaintiff would be barred from any recovery if the trier of fact found the plaintiff had voluntarily and unreasonably proceeded to encounter a known danger, the adoption of comparative negligence in this jurisdiction, *see* RCW 4.22.010, renders the plaintiff's conduct a damage–reducing factor only.

The court left open the question whether the broader contributory negligence defense was applicable in a products case.

■ Relying upon *Teagle,* the drafters of the pattern jury instructions provided a damage–reducing instruction when assumption of risk was involved. WPI 110.03, 6 Wash. Prac. 366 (1980).

Next, language in *Seay v. Chrysler Corp.,* 93 Wn.2d 319, 609 P.2d 1382 (1980), dealing with contributory negligence, cast doubt upon the *Teagle* statement about assumption of risk. The court used the broad terms "comparative fault" and "contributory negligence." The record in *Seay* demonstrates that the matter of assumption of risk was not in the case. While the opinion arguably modified our earlier statement on assumption of the risk, we do not believe that was the intent of the majority since that issue was not before the court.

Finally, the inaction referred to and relied upon by the majority in *Seay* is no longer present. Section 8 of chapter 27, Laws of 1981, appears to mandate that comparative fault is not a bar to recovery, but rather a damage–reducing factor. While the statute is not applicable here it does reflect a public policy statement which is persuasive in our determination of judicial policy.

We hold that assumption of risk is a damage–reducing factor, not a bar to recovery.

STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DIMMICK, JJ., concur.

DORE, J. (dissenting)—The certification process which brings this issue to this court is permissive rather than mandatory. *In re Elliott,* 74 Wn.2d 600, 446 P.2d 347

(1968). However, since we have certified the subject issue, I will endeavor to answer the certified question.

I do not agree with the majority's holding that "assumption of the risk" is a damage–reducing factor in South v. A. B. Chance Company, Supreme Court cause No. 48136–9.

At the time the cause of action in the subject case arose, the assumption of risk defense did not apply to products liability cases either for the purpose of establishing liability or as a factor to reduce damages. This is unlike ordinary negligence cases wherein assumption of risk has traditionally been applied both to the issues of liability and damages. Therefore, I dissent.

The majority cites the recently enacted products liability law, section 8 of chapter 27, Laws of 1981, as mandating that comparative negligence is a damage–reducing device rather than a bar to recovery. This may be true for cases arising after the effective date of this law, but the provisions of this law just recently became effective. Therefore, the majority erred in applying its provisions to this case.

The very recent case of *Seay v. Chrysler Corp.,* 93 Wn.2d 319, 609 P.2d 1382 (1980), sets out the current Washington law in this complex and ever–changing tort area. In holding that Washington's comparative negligence statute does not apply to causes of action for strict product liability, Justice Dolliver noted that our form of strict liability is based on a *no–fault* concept. *Seay,* at 323. *See also Wenatchee Wenoka Growers Ass'n v. Krack Corp.,* 89 Wn.2d 847, 576 P.2d 388 (1978); *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 155, 570 P.2d 438 (1977); *Seattle–First Nat'l Bank v. Tabert,* 86 Wn.2d 145, 147–49, 542 P.2d 774 (1975); *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 452 P.2d 729 (1969); Restatement (Second) of Torts § 402A (1965).

The *Seay* court essentially found the concept of fault underlying comparative negligence, which focuses on the conduct of an individual, to be incompatible with the concept of strict liability, which focuses on the nature of the product and the consumer's reasonable expectation with regard to that product. *Seay,* at 322. While *Seay* was not an

assumption of risk case, the basic reasoning is equally applicable in cases involving assumption of risk defenses. If the concept of fault has no place in strict liability cases, fault as embodied in the assumption of risk defense is as inappropriate as comparative negligence.

The heavy burden of proof of assumption of risk in products liability cases suggests the difficulties of combining concepts of negligence and strict liability. Washington law requires proof that the plaintiff *voluntarily* and *unreasonably* proceeded to encounter a *known* danger to show assumption of risk. *Berry v. Coleman Sys. Co.,* 23 Wn. App. 622, 596 P.2d 1365 (1979); *Brown v. Quick Mix Co.,* 75 Wn.2d 833, 454 P.2d 205 (1969). The burden of proving assumption of risk under this test is rarely met in products liability cases in Washington.

The assumption of risk defense is a fault concept and should not be applied in no–fault products liability cases. I find the *Seay* case persuasive and controlling. For that reason, I must dissent.

ROSELLINI, J., concurs with DORE, J.