[No. 48482–1.   En Banc.   December 2, 1982.]

NORMAN W. KLEIN, ET AL, *Respondents,* v. R. D.
WERNER COMPANY, INC., ET AL,
*Petitioners.*

*Swanson, Lindskog, Lundgaard, Aitken & Swanson,* by *Ralph G. Swanson,* for petitioners.

*Rush, Kleinwachter & Hannula,* by *William J. Rush,* for respondents.

DIMMICK, J.—This is a products liability action wherein a jury determined that R. D. Werner Company, Inc., petitioner, was liable to the respondents for injuries received when a scaffolding plank on which Norman Klein, Eugene Romine and Donald Wiediger were standing collapsed and that each of them had assumed the risk of their injuries by 75 percent. Respondents appealed the reduced award. Petitioner did not cross–appeal on the issue of liability nor request a new trial in the event the appellate court reversed the assumption of risk theory. Accordingly, the only issue on appeal is whether there was substantial evidence of assumption of risk to warrant submitting that issue to the jury. The Court of Appeals in an unpublished opinion held that instructing on assumption of risk was error and reinstated the full amount of the jury award. We affirm.

Respondents Norman Klein, Eugene Romine and Donald Wiediger fell 25 to 30 feet onto frozen dirt, concrete and pipes when the 24–foot aluminum scaffolding plank on which they were standing collapsed. Respondents suffered serious injuries, including fractures, crushed bones and dislocations. Respondent Romine lost his arm which doctors replaced with a prosthesis. The plank was manufactured by petitioner.

Testimony at trial indicated that when the plank collapsed it sounded like an explosion. One expert who examined the plank after the accident was unable to tell whether the collapse was caused by a stress fracture in the plank which had developed over time, or a welding burn caused

by respondents' coworkers. Testimony indicated that the stress fractures would have been difficult if not impossible to see by a visual examination. One expert called by petitioner stated first that the crack would have been noticeable but later testified that the fracture would probably not be visible to the naked eye. Testimony indicated that the welding burn could easily be overlooked.

Visual inspection was the accepted mode of examining planks on the jobsite before each use, and the manufacturer gave no different or additional instructions. There were no label warnings on the plank outlining the dangers created by stress fractures. Defendant's chief engineer admitted that a 1/16-inch notch in the plank's flange would warrant discarding the plank, a fact of which respondents and their coworkers were never informed.

Respondents Klein and Romine testified they visually inspected the plank prior to its use on the day of the accident, and did not see any defects. Respondent Wiediger did not inspect the plank. Respondents and their coworkers testified that they would not use a noticeably defective plank.

The case was submitted to the jury on strict product liability principles. The court instructed the jury as to assumption of risk as a damage–reducing factor, over respondents' objections. In answer to special verdict forms the jury determined that respondent Klein's damages were $40,000; respondent Romine's, $900,000; and respondent Wiediger's, $1,200,000. The jury, however, found that 75 percent of respondents' injuries were attributable to their assuming the risk and the court reduced the damages accordingly. After trial the court denied respondents' motion for judgment n.o.v. requesting the court to reinstate the entire verdict.

■ We hold that the trial court erred in instructing the jury as to assumption of risk as a party is only entitled to have the court instruct the jury on a theory of the case if there is substantial evidence to support it. *See, e.g., Langan v. Valicopters, Inc.,* 88 Wn.2d 855, 866, 567 P.2d 218

(1977). Similarly, the trial court erred in denying respondents' motion for judgment n.o.v. as there was no substantial evidence to support the finding that respondents had assumed any of the risk of their injuries. *See, e.g., Hojem v. Kelly*, 93 Wn.2d 143, 606 P.2d 275 (1980).

■ Petitioner contends there is evidence to support the issue of contributory negligence and no distinction exists between that defense and assumption of risk in product liability cases. Since this case arose in 1974, prior to the effect of the product liability tort reform act, Laws of 1981, ch. 27, a viable distinction between the two theories did exist. *Compare Seay v. Chrysler Corp.*, 93 Wn.2d 319, 609 P.2d 1382, 9 A.L.R.4th 625 (1980) (We held that contributory negligence did not apply to actions based upon strict product liability. Section 8 of Laws of 1981, ch. 27, appears to mandate that it now applies.) *with South v. A.B. Chance Co.*, 96 Wn.2d 439, 635 P.2d 728 (1981) (We held assumption of risk did apply to strict products liability cases.).

■ Assumption of risk is a damage–reducing factor when there is proof that plaintiff voluntarily and unreasonably proceeded to encounter a known danger. *South v. A.B. Chance Co., supra; Seattle–First Nat'l Bank v. Tabert*, 86 Wn.2d 145, 155, 542 P.2d 774 (1975); *Brown v. Quick Mix Co.*, 75 Wn.2d 833, 454 P.2d 205 (1969); Restatement (Second) of Torts § 402A, comment *n* (1965).

Accordingly, the evidence must show that respondents knew of the specific defect causing their injuries before the assumption of risk doctrine applies. *See generally Seattle–First Nat'l Bank v. Tabert, supra* (This court held that a driver and passenger in a Volkswagen microbus did not assume the risk of a known danger. Although they were aware of the snub–nosed design of the automobile, they were not aware of the lack of structural integrity of the front panel—the defect allegedly causing or enhancing their injuries.); *Haugen v. Minnesota Mining & Mfg. Co.*, 15 Wn. App. 379, 550 P.2d 71 (1976) (Plaintiff was not aware of the latent defect in the structural integrity of a grinding disc and the danger posed by that particular defect even though

he was aware of some general dangers. Since plaintiff did not know of the specific defect causing his injuries, he could not have assumed the risk engendered by that defect.).

While respondents Klein and Romine admit they inspected the plank prior to the accident, neither saw any defect in the plank. Additionally, there was not any definitive testimony that the defect causing the plank to collapse was clearly visible to anyone. There was no evidence whatsoever that respondent Wiediger inspected the plank.

Petitioner relies on *Minert v. Harsco Corp.*, 26 Wn. App. 867, 614 P.2d 686 (1980). Minert had been injured when the scaffolding on which he was working tipped over. He asserted that the manufacturer had inadequately warned him of the need to stabilize the scaffolding. The Court of Appeals held that evidence indicating that Minert knew of the need to stabilize the scaffolding was sufficient to support the giving of an assumption of risk instruction. Petitioner argues that respondents here, like Minert, knew of the danger and therefore assumed the risk. However, *Minert* is unlike the present case. The respondents here may have known that some scaffolding planks might become defective, but there was admittedly no proof that they knew this particular plank was defective.

Respondents' failure to inspect carefully, or failure to discover the defect may have constituted negligence, but it was not assumption of risk. The fact that respondents were experienced carpenters who knew generally about the need to inspect planks does not imply that they assumed the risk of the specific hazard giving rise to their injuries.

In sum, it appears from the record that the finding that respondents assumed the risk of their injuries was not supported by any evidence. We thus hold it was error to submit the question to the jury. Since liability was not appealed and petitioner did not request a new trial, we strike the finding that each respondent assumed the risk of 75 percent of his injuries and modify the judgment accordingly. The judgments are modified so that Klein is awarded $40,000, Romine is awarded $900,000 and Wiediger is

awarded $1,200,000.

It is so ordered.

BRACHTENBACH, C.J., STAFFORD, UTTER, DOLLIVER, WILLIAMS, and DORE, JJ., and ALEXANDER and CUNNINGHAM, JJ. Pro Tem., concur.