[No. 11700-2-II.   Division Two.   August 9, 1989.]

CATHIE LUNDBERG, ET AL, *Appellants,* v. ALL–PURE
CHEMICAL CO., ET AL, *Respondents.*

*Simon H. Forgette* and *Lund, Forgette & Williams,* for appellants.

*Donald L. Donaldson* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for respondents.

*Russell C. Love,* amicus curiae.

REED, J.—Cathie and William Lundberg appeal from a reduction of a verdict awarded them in their product liability action against All–Pure Chemical Company (All–Pure), a manufacturer of pool chlorinating products. They claim

that comparative fault is not a proper issue in a "failure to warn" action pursuant to RCW 7.72.030(1)(b), and alternatively, *that the evidence was not sufficient to submit a comparative negligence instruction to the jury.* We affirm the judgment of the trial court.

Cathie Lundberg purchased two of All–Pure's chlorinating products to clean her swimming pool. She bought "super–chlorination compound," or "shocking granules," and "chlorinating compound." The chemical ingredient in shocking granules is calcium hydrochloride, while the chemical ingredient in chlorinating compound is sodium. This information was provided on the products' respective labels, which Mrs. Lundberg read. She also read a pamphlet that warned against mixing chemicals together unless directed to do so because an explosion could occur. Mrs. White, Lundberg's friend, sold her the products and instructed her to add the compound to water and not to add water to the compound. The label on the shocking granules also instructed her to dissolve the granules in a clean bucket of water.

Mrs. Lundberg was preparing to winterize her pool in September 1983. She ran out of chlorinating compound and, assuming that the two products contained chlorine and therefore were the same "chemical," made up the difference by combining shocking granules with chlorinating compound in a bucket. When she added water to the bucket to predissolve the mixture, the concoction bubbled and exploded seven or eight times. The mixture reacted about five times before she stood back from the bucket and ran to the shower. The Lundbergs brought this personal injury action for damages alleging that All–Pure's chlorinating products are not reasonably safe because adequate warnings were not provided with the product at the time of manufacture.

At trial, All–Pure submitted jury instructions on Mrs. Lundberg's comparative negligence in causing her injuries.

The trial court adopted the instructions, and the Lundbergs objected. The jury found All–Pure liable for Mrs. Lundberg's damages, but also found Lundberg 51 percent comparatively negligent. Her damage award accordingly was reduced. The trial court denied the Lundbergs' motion for judgment notwithstanding the verdict regarding comparative fault.

## I

Lundberg assigns error to the trial court's instruction on the issue of comparative fault. She claims that in cases where a manufacturer fails to give adequate warnings of a dangerous condition, any consideration of a party's "fault" is improper because the strict liability standard focuses not on negligent conduct, but on the product and consumer expectations.

Prior to the adoption of the tort and product liability reform act of 1981 (Act), the standard for liability in all product liability cases was strict liability. *Sturgeon v. Celotex Corp.*, 52 Wn. App. 609, 614, 762 P.2d 1156 (1988). Washington's test was set forth in *Seattle–First Nat'l Bank v. Tabert*, 86 Wn.2d 145, 149, 542 P.2d 774 (1975), which applied a strict liability standard to design defect cases. While a negligence standard focuses on the conduct of the defendant, strict liability focuses on the product's condition and consumer expectations. *Tabert,* 86 Wn.2d at 154–55.[1]

When the Legislature adopted the Act, it sought "to create a fairer and more equitable distribution of liability among parties at fault." Laws of 1981, ch. 27 Preamble. The Act modifies previous existing applicable law on product liability only to the extent set forth in the chapter. RCW 7.72.020(1). Section 4 of the Act, codified at RCW 7.72.030, provides in part:

---

[1]The *Tabert* court was not presented with the issue of comparative negligence. Not long after deciding *Tabert,* however, the court in *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 155, 570 P.2d 438 (1977) applied the strict liability standard to *failure to warn* cases, but hesitated to decide whether *any* negligence on the part of a plaintiff—rather than only assumption of a known risk—is a damage–reducing factor in such cases.

(1) A product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the *negligence* of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided.

(a) A product is not reasonably safe as designed, if, at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the seriousness of those harms, outweighed the burden on the manufacturer to design a product that would have prevented those harms and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the product . . .

(b) A product is not reasonably safe because adequate warnings or instructions were not provided with the product, if, at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the seriousness of those harms, rendered the warnings or instructions of the manufacturer inadequate and the manufacturer could have provided the warnings or instructions which the claimant alleges would have been adequate.

(c) A product is not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured where a manufacturer learned or where a reasonably prudent manufacturer should have learned about a danger connected with the product after it was manufactured. In such a case, the manufacturer is under a duty to act with regard to issuing warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer would act in the same or similar circumstances. This duty is satisfied if the manufacturer exercises reasonable care to inform product users.

. . . .

(3) In determining whether a product was not reasonably safe under this section, the trier of fact shall consider whether the product was unsafe to an extent beyond that which would be contemplated by the ordinary consumer.

(Italics ours.)

The choice of statutory language makes it difficult to ascertain precisely what theory of liability the Legislature intended to employ under the various categories. The Supreme Court of Washington declared in a footnote that, notwithstanding the use of the word "negligence" in subsection (1), the Legislature adopted the *Tabert* test with regard to *design defect* cases against manufacturers. *Couch v. Mine Safety Appliances Co.,* 107 Wn.2d 232, 239 n.5, 728

P.2d 585 (1986).[2] The footnote concluded by stating that
"[a] negligence standard does appear to have been adopted
for actions against manufacturers which allege failure to
give adequate warnings or instructions. RCW 7.72.030-
(1)(c)." (Italics ours.)

The *Couch* court did not distinguish between subsections
(b) and (c), both of which contemplate the manufacturer's
failure to give adequate warnings or instructions. A close
look at the statute reveals that subsection (b) closely paral-
lels subsection (a), the first part of the *Tabert* test, and
concentrates on the condition of the product, while subsec-
tion (c) clearly applies a negligence standard and focuses on
the conduct of the manufacturer when it learns, or should
have learned, about a danger after the product was manu-
factured. Indeed, (c) imposes a duty of reasonable care on
manufacturers.[3] We think it important to emphasize that
the *Couch* court's reference to a negligence standard in
failure to warn cases is specifically limited to subsection (c),
and that subsection (b) employs a strict liability standard
similar to that in *Tabert*.

Nevertheless, for purposes of determining whether "com-
parative fault" is a factor for consideration, it makes no
difference what theory of liability ultimately serves as the
basis for a product liability action. Up to the adoption of
the Act in 1981, the courts of this state refused to extend

---

[2] Division One recently reaffirmed that the *Tabert* test is a strict liability test,
not a specialized negligence test. *Falk v. Keene Corp.*, 53 Wn. App. 238, 244, 767
P.2d 576, *review granted*, 112 Wn.2d 1016 [Reporter's note: affirmed at 113 Wn.2d
645] (1989).

[3] This lack of distinction by the *Couch* court was not stressed in *Sturgeon v.
Celotex Corp.*, 52 Wn. App. at 614, where the plaintiff alleged the defendant was
liable under both subsections (b) and (c), *i.e.*, that warnings were inadequate both
at the time of manufacture and after the product was manufactured. Thus, the
court in *Sturgeon* did not have occasion to consider the distinction between the
two failure-to-warn sections.

It is interesting to note, however, that under *any* of the three subsections, one
must consider the expectations of the ordinary consumer—the second part of the
*Tabert* test—when determining whether a product is not reasonably safe. RCW
7.72.030(3).

the doctrine of contributory negligence to strict liability actions because, under previous legislation, strict liability was a *no–fault* concept to which negligence concepts did not apply. *Seay v. Chrysler Corp.*, 93 Wn.2d 319, 323, 609 P.2d 1382, 9 A.L.R.4th 625 (1980). Section 8 of the Act now deals with the issue of contributory fault in all actions based on "fault". RCW 4.22.005 provides:

> In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery. *This rule applies whether or not under prior law the claimant's contributory fault constituted a defense or was disregarded* under applicable legal doctrines, such as last clear chance.

(Italics ours.) RCW 4.22.015 defines fault:

> "Fault" includes acts or omissions, including misuse of a product, that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability or liability on a product liability claim. The term also includes breach of warranty, unreasonable assumption of risk, unreasonable failure to avoid an injury or to mitigate damages.

■ Thus, the Legislature has determined that the comparative fault doctrine shall apply to all actions based on "fault," including strict liability and product liability claims. Our Supreme Court has suggested parenthetically that the Act mandates exactly that. *Klein v. R.D. Werner Co.*, 98 Wn.2d 316, 319, 654 P.2d 94 (1982); *see also South v. A.B. Chance Co.*, 96 Wn.2d 439, 441, 635 P.2d 728 (1981).[4] There currently is no reason to distinguish between negligence and strict liability actions for purposes of instructing a jury on the plaintiff's comparative fault,

---

[4]Lundberg's reliance on *Lenhardt v. Ford Motor Co.*, 102 Wn.2d 208, 213, 638 P.2d 1097, 40 A.L.R.4th 609 (1984), for the proposition that the old law remains unchanged, is misplaced because *Lenhardt* involved a claim that arose before the effective date of the Act.

and the trial court did not err in so instructing the jury here.

## II

■ Lundberg next claims that even if comparative negligence is relevant in a product liability case, there was not sufficient evidence to submit such an instruction to the jury in this case. A party is entitled to have the trial court instruct on its theory of the case if there is substantial evidence to support it. *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 135, 606 P.2d 1214 (1980).

> Clearly, the issue of contributory negligence is a jury question unless the evidence is such that all reasonable minds would agree that the plaintiff had exercised the care which a reasonably prudent man would have exercised for his own safety under the circumstances.

*Stevens v. State,* 4 Wn. App. 814, 816, 484 P.2d 467 (1971) (citing *Poston v. Mathers,* 77 Wn.2d 329, 462 P.2d 222 (1969)). Further, all evidence and reasonable inferences must be interpreted in the light most favorable to the challenging party. *Stevens v. State, supra.*

We hold that the evidence clearly was sufficient to submit the comparative negligence instruction to the jury. Lundberg admitted that the pamphlet warned her not to mix chemicals together unless the directions advised to do so because an explosion could occur. She knows what a chemical is, yet she assumed erroneously that the two compounds contained the same chemical, *i.e.,* chlorine. She also admitted that she had read the label on the shocking granules package, which said not to add the product to any dispensing device containing remnants of any other product because a violent reaction leading to fire or explosion could occur. She also had read the label on the chlorinating compound, which warned against mixing it with any other chemicals. She further knew she was not to add water to the chemicals, but was to add the chemicals to water. This evidence we find sufficient to instruct the jury on comparative fault.

188

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

Review denied at 113 Wn.2d 1030 (1989).