[No. 46174. En Banc. December 27, 1979.]

VALENTINO REED, *Petitioner*, v. PENNWALT CORPORATION, *Respondent*.

6

*Critchlow, Williams, Ryals & Schuster* and *Eugene G. Schuster,* for petitioner.

*Leavy, Taber, Crane Bergdahl,* and *Andrew C. Bohrnsen,* for respondent.

*Kathy A. Cochran* and *Steven M. Appelo* on behalf of Washington Association of Defense Counsel and *Daniel F. Sullivan, Ronald Bland, Frank Stubbs,* and *Donovan Flora* on behalf of Washington State Trial Lawyers Association, amici curiae.

PER CURIAM.—This case involves a products liability action against Pennwalt Corp., a chemical manufacturer that supplied caustic soda to plaintiff Reed's employer, a potato processor. Ms. Reed claims her skin injuries were caused by defendant's product, the dangers of which she was allegedly inadequately warned. A Franklin County Superior Court jury returned a verdict for the defendant which was affirmed by the Court of Appeals, Division Three. *Reed v. Pennwalt Corp.,* 22 Wn. App. 718, 591 P.2d 478 (1979). We granted plaintiff's petition for review. *Reed v. Pennwalt Corp.,* 92 Wn.2d 1007 (1979).

The appeal record in this case shows that the record on appeal is inadequate to permit review of the merits of the plaintiff's case. CR 51(f) requires that objections to the giving of an instruction or to the refusal to give a requested instruction must be timely and specifically made to the trial court. Compliance with this rule is so important that we

have enforced the rule sua sponte. *Bitzan v. Parisi,* 88 Wn.2d 116, 558 P.2d 775 (1977).

The appeal record here fails to show what, if any, exceptions or objections were made to the allegedly erroneous instructions given the trial jury or to the court's refusal to give requested instructions. Without a record that shows that exceptions were taken under CR 51(f) on the grounds urged on appeal, we are unable to pass upon the merits of the plaintiff's case including the grounds for the decision as set forth by the Court of Appeals.

The appeal therefore must be dismissed and the judgment on the verdict for the defendant affirmed.

It is so ordered.

Reconsideration denied April 9, 1980.