[No. 49375-8. En Banc. September 29, 1983.]

RAMONA CROSSEN, *as Guardian, Petitioner,* v. SKAGIT COUNTY, *Respondent.*

*C. Stan Webert,* for petitioner.

*Richard J. Dunlap* and *David M. Soderland,* for respondent.

ROSELLINI, J.—Petitioner, Ramona Crossen, as guardian of Steven Wayne Crossen, seeks review of a Court of Appeals decision which affirms a defense verdict entered in her personal injury action. Specifically, the Court of Appeals found petitioner had failed to properly object to jury instructions. We affirm for the reasons set out below.

I

On March 19, 1978, Steven Wayne Crossen and his friend, Robert Parker, attended a party at a cabin near LaConner in Skagit County. Each had several drinks. During the evening, Parker and Crossen left the party, with Parker driving, to purchase more beer and food. Neither was familiar with the area. On the way back from the store, Parker missed his turnoff and ended up on Thompson, a dead–end road. Located shortly beyond the entrance to Thompson Road was a combination speed limit/dead–end sign. The posted speed was 35 miles per hour. Parker testified that he did not see this sign.

Parker said that he continued down Thompson, saw bushes at its terminus, and attempted to stop but could not. The vehicle skidded 87 feet and hit an embankment. It was then launched into the air, striking down trees and

bushes. Eventually, it ended up on a beach below the road.

Parker was virtually unhurt but Crossen was severely injured. Crossen's medical problems include brainstem dysfunction and respiratory problems. Though ambulatory, he still suffers serious physical disabilities.

In her capacity as guardian for Steven Crossen, Ramona Crossen brought suit against Skagit County. She claimed that the County was negligent in failing to adequately inform motorists of the dangers of the road. Specifically, she contended that the County had a duty to post reflector signs at the end of the road, provide a turnaround device, and erect a barrier at the end of the road to prevent vehicles from going over the edge. The County denied the allegations generally and claimed that Crossen was contributorially negligent for riding in a car driven by a person who had been drinking. Finally, the County urged that the sole proximate cause of the accident was Parker's intoxication and excessive speed.

At trial, Parker testified that he believed he was going 40 to 50 miles per hour but that it was possible that he was going faster. The plaintiff's expert witness calculated the car's speed at 50 miles per hour. The trooper who investigated the accident also testified. He stated the driving conditions were ideal, and that the speed limit in the area was 35 miles per hour. From the fact that the car skidded 87 feet, hit a dirt embankment and flew into the air striking a tree 18 feet off the ground, he concluded that the minimum possible speed that the car could have been going was 60 miles per hour. He estimated that the car's probable speed exceeded 80 miles per hour. Trooper Willard also testified that Parker had a Breathalyzer reading of .10 percent and that he seemed impaired from alcohol consumption.

Petitioner requested various instructions based on the Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD). These instructions were refused. The Court of Appeals held that when petitioner merely relied upon a statutory citation to support her instruction, she insufficiently preserved the issue for review.

Petitioner also took exception to the trial court's refusal to give a proposed instruction on the concurrent negligence of one not a party to a lawsuit. The jury found that there was no negligence by Skagit County which was a proximate cause of Crossen's injury, and returned a verdict in the County's favor.

The Court of Appeals affirmed (*Crossen v. Skagit Cy.,* 33 Wn. App. 243, 653 P.2d 1365 (1982)) and we granted review.

## II

Petitioner took exception to the trial court's refusal to give a series of instructions on the duty of the County to place appropriate markers and warning signs along roadways. In support of each exception, petitioner offered either a single statutory citation or a case citation. Citing CR 51(f), the Court of Appeals ruled, as a matter of law, that mere citation to a statute is inadequate to "'apprise the trial judge of the precise points of law involved'". *Crossen,* at 246 (quoting *Stewart v. State,* 92 Wn.2d 285, 298, 597 P.2d 101 (1979)).

We believe the standard suggested by the Court of Appeals is too strict. The pertinent inquiry on review is whether the exception was sufficient to apprise the trial judge of the nature and substance of the objection. The proper procedures are set forth in CR 51(f), which provides:

> Counsel shall then be afforded an opportunity . . . to make objections to the giving of any instruction and to the refusal to give a requested instruction. *The objector shall state distinctly the matter to which he objects and the grounds of his objection . . .*

(Italics ours.)

In *Stewart v. State, supra* at 298, the court, in interpreting this rule, observed:

> CR 51(f) requires that, when objecting to the giving or refusing of an instruction, "[t]he objector shall state distinctly the matter to which he objects and the grounds of his objection". The purpose of this rule is to clarify, at the time when the trial court has before it all the evi-

dence and legal arguments, the exact points of law and reasons upon which counsel argues the court is committing error about a particular instruction. Therefore, the objection must apprise the trial judge of the precise points of law involved and when it does not, those points will not be considered on appeal.

(Citations omitted.) The court found that counsel had failed to preserve his exception because "[n]either theory nor authority was cited to the court as required by the rules." *Stewart,* at 298. Here, counsel did cite the statute upon which his instruction was based. Although we believe the far better procedure is to cite the authority and then explain why the instruction is necessary, we are unable to share the Court of Appeals view that failure to give a rationale *necessarily* precludes appellate review. Here, it was apparent, given the extended discussions concerning jury instructions, that the trial judge understood the basis of counsel's objection. Thus, it was error for the Court of Appeals to deny review on this basis.

## III

Having resolved this issue differently from the Court of Appeals, we must now determine whether the trial court erred in not giving petitioner's proposed instructions relating to duty.

Petitioner urges that the trial court erred by not giving the following statements of the County's duty.

The Defendant, SKAGIT COUNTY, is required by statute to place appropriate markers and warning signs of such a type and in such locations as designated by the Washington State Motor Vehicle Code, in conformity with the requirements of the Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD).

Clerk's Papers, at 115. Petitioner then cited *Breivo v. Aberdeen,* 15 Wn. App. 520, 550 P.2d 1164 (1976) and *Raybell v. State,* 6 Wn. App. 795, 496 P.2d 559 (1972). Petitioner also proposed several other instructions based on the MUTCD, which were likewise refused.

Having reviewed those instructions which were given, we

conclude the jury was properly instructed on the issue of the County's duty.

■ Instructions are sufficient if they (1) permit each party to argue his theory of the case, (2) are not misleading, and (3) when read as a whole, properly inform the trier of fact of the applicable law. *Brown v. Spokane Cy. Fire Protec. Dist. 1*, 100 Wn.2d 188, 668 P.2d 571 (1983); *State v. Theroff*, 95 Wn.2d 385, 398, 622 P.2d 1240 (1980).

Instruction 7 specifically stated that the County had a duty to maintain reasonable warning signs, markers or barriers. This instruction was sufficient to allow petitioner to argue her theory of the case. Therefore, a specific reference to the MUTCD was unnecessary. Thus, the trial court did not err in refusing petitioner's proposed duty instructions.

## IV

Petitioner's final assignment of error concerns her proposed instruction on concurrent negligence. The proposed instruction provides:

> There may be more than one proximate cause of the same event. If you find that the Defendant was negligent and that such negligence was a proximate cause of injury or damage to the Plaintiff, it is not a defense that the act of some other person who is not a party to this lawsuit may also have been a proximate cause.
>
> When the concurring negligence of two or more *parties* is a proximate cause of an injury, each of the *parties* is liable regardless of the relative degree in which each contributes to the injury.

(Italics ours.) Clerk's Papers, at 104.

■ The Court of Appeals, in an unpublished portion of the opinion, found that the instruction erroneously referred to a negligent "party", rather than a "person". Since the allegedly concurrent negligence referred to was that of a nonparty, the Court of Appeals found that the instruction was incorrect, and that the trial court properly refused it. We agree. The clear rule is that a "trial court need never give a requested instruction that is erroneous in any respect." *Vogel v. Alaska S.S. Co.*, 69 Wn.2d 497, 503, 419

P.2d 141 (1966). Since the proposed instruction was erroneous, it was properly refused.[1]

In summary, we find the Court of Appeals erred in refusing to review the proposed jury instructions. Nonetheless, we agree with the result reached by that court because we find the jury was properly instructed as to the County's duty.

Finally, we conclude that the Court of Appeals correctly rejected petitioner's claimed error in instructing the jury as to proximate cause, in that the instruction offered was factually incorrect.

We therefore affirm.

WILLIAMS, C.J., and STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

---

[1]This case is unlike *Brashear v. Puget Sound Power & Light Co.*, 100 Wn.2d 204, 667 P.2d 78 (1983). There, the judge refused a correct instruction on concurrent causation. We held in *Brashear* that under the facts there a new trial was necessary. Here, petitioner waived her right to object to the failure to give the causation instruction by failing to provide the trial court with an accurate instruction.