[No. 59922-0. Department Two. April 1, 1993.]

DELORES J. WALKER, *Individually and as Executrix*, ET AL, *Petitioners*, v. THE STATE OF WASHINGTON, ET AL, *Respondents*.

*Lembhard G. Howell,* for petitioners.

*Duncan K. Fobes* and *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.; Steven V. Lundgren, Steven D. Robinson,* and *Karr Tuttle Campbell,* for respondents.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amicus curiae for petitioners.

PER CURIAM. — Delores Walker petitions for review of a Court of Appeals decision ordering a new trial in her wrongful death action against the State, Clallam County, and the Port of Port Angeles. The Court of Appeals agreed with Ms. Walker that a new trial was necessary because two of the trial court's jury instructions were erroneous. The court rejected her challenges to other instructions and to the trial court's evidentiary rulings, however, and refused her request to limit the new trial to the issues of contributory negligence and damages. *Walker v. State*, 67 Wn. App. 611, 837 P.2d 1023 (1992). In her petition for review, Ms. Walker renews those of her arguments which the Court of Appeals rejected and also contends the court erred by remanding for a retrial on all issues. Respondents on the other hand contend that the Court of Appeals erred in ordering a new trial at all. We now grant review, reverse the Court of Appeals decision granting a new trial, and reinstate the jury's verdict.

Ms. Walker is the widow of Robert Walker and the personal representative of his estate. Robert was killed when the truck he was driving, in the early morning of October 7, 1985, left Highway 101 and struck a tree. Ms. Walker and Robert's employer brought the present action against the jurisdictions responsible for the design, construction, and maintenance of the portion of the highway on which the accident occurred. The plaintiffs' theory was that Robert had pulled to the right to let a car behind him pass; then, disoriented by the absence of road markings, he drove off the road. The defendants' theory, which they supported by offering the testimony of Dr. William DeMent, was that Robert's truck left the road because he negligently fell asleep at the wheel.

The jury found the defendants had been negligent, but that 70 percent of the plaintiffs' damages were attributable to Robert Walker's own negligence. On appeal, Ms. Walker assigned error to the court's instructions 15, 17, 18, 19, and 20 and to several evidentiary rulings. The Court of Appeals held that Ms. Walker failed to preserve any objection to instruction 15, found no evidentiary errors, and rejected Ms.

Walker's challenges to instructions 17 and 18. The court held that instructions 19 and 20 were erroneous, however, and on this basis remanded for a new trial.

■ Ms. Walker contends that instruction 18[1] improperly treats contributory negligence as a complete bar to recovery. Her only objection to instruction 18 at trial, however, was that "the last line or two" of the instruction duplicated instruction 17 and therefore "unduly emphasizes the other side's case." Report of Proceedings, at 1893. CR 51(f) requires the party objecting to an instruction to "state distinctly the matter to which he objects and the grounds of his objection, . . .". The purpose of this rule is "to clarify . . . the exact points of law and reasons upon which counsel argues the court is committing error about a particular instruction." *Stewart v. State*, 92 Wn.2d 285, 298, 597 P.2d 101 (1979). "The pertinent inquiry on review is whether the exception was sufficient to apprise the trial judge of the nature and substance of the objection." *Crossen v. Skagit Cy.*, 100 Wn.2d 355, 358, 669 P.2d 1244 (1983). If an exception is inadequate to apprise the judge of certain points of law, "those points will not be considered on appeal." *Crossen*, at 359 (quoting *Stewart*, at 298).

Ms. Walker's objection to instruction 18 failed to apprise the trial judge of her present contention that the instruction erroneously treats contributory negligence as a complete bar to recovery. This court therefore will not consider Ms. Walker's contention that instruction 18 misstated the law, nor should the Court of Appeals have done so. *Stewart*, at 298; *Crossen*, at 359.[2]

---

[1]Instruction 18 reads:

"A government entity has a duty to exercise ordinary care in the construction, design and maintenance of public roads to keep them in such condition that they are reasonably safe for ordinary travel by persons using them in a proper manner and exercising ordinary care for their own safety." Supplemental Clerk's Papers, at 21.

[2]Ms. Walker did preserve the objection that this instruction duplicated instruction 17 and thus unfairly emphasized the defendants' case. The Court of Appeals rejected this contention, *Walker v. State, supra* at 616, and Ms. Walker does not raise this issue now.

■ Ms. Walker also assigns error to the trial court's admission of Dr. DeMent's opinion testimony. She claims respondents laid an inadequate foundation for this testimony and that the evidence was more prejudicial than probative. Since trial counsel made only the former objection, only that objection is preserved for appeal. ER 103(a)(1) (must state specific ground of objection); *State v. Mak*, 105 Wn.2d 692, 719, 718 P.2d 407 (party who objects on one ground at trial may not raise a different ground on appeal), *cert. denied*, 479 U.S. 995 (1986); *State v. Ferguson*, 100 Wn.2d 131, 138, 667 P.2d 68 (1983) (same).

■ ■ The decision whether to admit expert testimony under ER 702 is within the discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *State v. Swan*, 114 Wn.2d 613, 655, 790 P.2d 610 (1990); *State v. Mak, supra* at 715. It is an abuse of discretion to admit such testimony if it lacks an adequate foundation. *Safeco Ins. Co. v. McGrath*, 63 Wn. App. 170, 179, 817 P.2d 861 (1991), *review denied*, 118 Wn.2d 1010 (1992). That is not the situation here, however. Dr. DeMent's opinion did not rest solely on scientific studies. He testified that he reviewed the statement of a driver of the car following Robert Walker's truck, the investigating officer's report, a toxicology report, a videotape of the highway, and several photographs. Dr. DeMent's opinion that Robert Walker fell asleep at the wheel was based on the doctor's familiarity with the circumstances of the accident as well as his knowledge of scientific studies. The Court of Appeals properly found no abuse of discretion in the admission of this testimony.

In their answer to the petition, respondents ask this court to review the Court of Appeals' holdings regarding instructions 19 and 20.[3] *See* RAP 13.4(d). These instructions describe statutory duties, the violation of which could constitute negli-

---

[3]Instruction 19 reads:

"A state law provides that whenever a motor vehicle is being operated on a roadway or shoulder adjacent thereto during the time of "darkness" the driver shall use headlights directed high enough and of sufficient intensity to reveal

gence per se. The court held that instruction 19 was not supported by the evidence and that instruction 20 misstated the law. *Walker v. State, supra* at 617-18. We agree with respondents that both of these holdings are erroneous.

With respect to instruction 19, concerning the use of headlights, the Court of Appeals held there was no evidence that Robert Walker's truck lights were either off or defective. *Walker v. State, supra* at 617-18. Instruction 19 only says, however, that "the driver shall use headlights directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle." Supplemental Clerk's Papers, at 22. There was evidence from which the jury could have found that the vehicle's high beams were not on at the time of the accident. This and other evidence regarding visibility and illumination, while not extensive, was adequate to support the instruction. In any event, we do not believe the jury's verdict was affected by its receipt of this instruction.

The substantive portion of Ms. Walker's exception to instruction 20 was: "I can't say it's wrong, I can only say it unduly emphasizes the other side's case." Report of Proceedings, at 1983-94. Counsel clearly did not preserve any claim that instruction 20 misstated the law. CR 51(f); *Stewart v. State, supra; Crossen v. Skagit Cy., supra.* The Court of Appeals therefore erred in considering Ms. Walker's challenge to that instruction. *Crossen,* at 359; *Stewart,* at 298.

The Court of Appeals decision is reversed, and the judgment on the jury's verdict is reinstated.

Reconsideration denied May 21, 1993.

---

persons and vehicles at a safe distance in advance of the vehicle." Supplemental Clerk's Papers, at 22.

Instruction 20 reads:

"The state law provides that only where signs are in place to define an improved driving-on-the-shoulder zone may a driver of a slow moving vehicle drive onto and along the shoulder and then only for the purpose of allowing overtaking vehicles to pass." Supplemental Clerk's Papers, at 23.