[No. 12225-5-III.    Division Three.    June 22, 1993.]

LINDA TRUEAX, *Appellant,* v. ERNST HOME CENTER, INC., *Respondent.*

*Fred O. Montoya,* for appellant.

*Roger J. Kindley, John P. Mele,* and *Ryan, Swanson & Cleveland,* for respondent.

THOMPSON, J. — Linda Zwarg (formerly Linda Trueax) appeals a jury verdict and superior court order denying her motion for new trial. Ms. Zwarg was injured when her head struck an Ernst Home Center, Inc., sign protruding 21 inches into the sidewalk she was walking on. She contends the trial court erred in instructing the jury on the duty of care owed by Ernst Home Center, Inc. We reverse and remand for a new trial.

Ms. Zwarg and her daughter were walking briskly southward on the sidewalk in front of the Ernst Home Center store formerly located in Spokane's Franklin Park Mall. Ms. Zwarg was walking on the inside of the sidewalk, her daughter on the outside. It was November 29, 1987, and several Ernst employees were setting up Christmas wreaths on a table behind the chain link fence abutting the sidewalk. Ms. Zwarg's attention was attracted to the wreaths. As she continued on, still looking at the decorations, she struck her head on the sign. It had a vertical clearance of only 5½ feet.

Ms. Zwarg's expert witness, a mechanical engineer, testified the Ernst sign was deficient in both its design and placement, primarily as to its height above the sidewalk and its protrusion into it. He also testified it was not erected in conformance with federal or state standards and it violated the Spokane sign code requiring all signs to have a 10-foot vertical clearance.

Ernst's expert witness, an electric sign vendor, testified that the Spokane sign code did not require the Ernst sign to have a 10-foot vertical clearance. He said his opinion was based on information he received from a city planner who handled most of the sign permits. Moreover, he testified that similar signs were allowed to encroach air space into walkways all over Spokane.

Ms. Zwarg requested the following jury instruction:

> Any projecting sign must have vertical clearance above the sidewalk grade of at least ten (10) feet.

The instruction was refused by the trial court. The jury did not receive any instruction as to the standard of care Ernst owed Ms. Zwarg. It did receive the following instruction proposed by Ernst and objected to by Ms. Zwarg.

> INSTRUCTION NO. 12
> Ernst is liable for physical harm to plaintiff if, but only if, it:
> 1. Knew of or by the exercise of reasonable care should have discovered the condition and should have realized that it involved an unreasonable risk of harm to plaintiff; and
> 2. Should expect that plaintiff would not realize the danger, or would fail to protect herself against it; and
> 3. Failed to exercise reasonable care to protect plaintiff against the danger.

The jury found Ernst was not negligent. Ms. Zwarg moved for judgment notwithstanding the verdict or, alternatively, for a new trial. The trial court ruled the Spokane sign code did not apply to the Ernst sign and Ms. Zwarg's proposed instruction was properly refused. However, the court granted Ms. Zwarg's motion for new trial on the basis it was error to have given instruction 12.[1]

Ernst moved for reconsideration. Its motion was granted and the court reversed its decision to give Ms. Zwarg a new trial. She timely appealed the denial of her motion and the jury verdict.

---

[1] The court also noted that Ernst's expert had given inaccurate testimony about at least one other sign allegedly encroaching into a Spokane sidewalk.

PLAINTIFF'S PROPOSED INSTRUCTION

We address first Ms. Zwarg's contention the trial court erred in refusing to instruct the jury that the Ernst sign should have had a 10-foot vertical clearance above the sidewalk grade.

Ernst contends the proposed instruction was properly refused because its sign was not a "projecting sign" under section 11.17.210 of the Spokane Municipal Code. According to Ernst, the conflicting testimony about the sign's classification and the applicability of the code meant no standard of conduct could be fixed and the issue was properly resolved by the jury. Ernst also argues that even if the instruction were appropriate, the trial court had the discretion to refuse it because Ms. Zwarg could still argue her theory of the case to the jury. It cites *Hyatt v. Sellen Constr. Co.*, 40 Wn. App. 893, 700 P.2d 1164 (1985).

■ Questions of law are to be resolved by the court. *Kjellman v. Richards*, 82 Wn.2d 766, 769, 514 P.2d 134 (1973). The interpretations of statutes and ordinances are questions of law. As stated in *Ball v. Smith*, 87 Wn.2d 717, 722-23, 556 P.2d 936 (1976):

> It is the established and unquestioned rule that it is in the province of the court, and not the jury, to interpret a statute or ordinance and to determine whether it applies to the conduct of a party. *Kness v. Truck Trailer Equip. Co.*, 81 Wn.2d 251, 501 P.2d 285 (1972); *Wells v. Vancouver*, 77 Wn.2d 800, 467 P.2d 292 (1970).

Here, there were no technical facts requiring expert testimony to ascertain if the sign violated the city code. The dimensions of the sign, the manner in which it was secured, and the nature of its encroachment into the sidewalk were undisputed. It was the duty of the trial court to ascertain whether the sign violated the vertical clearance standards established by the code.[2]

■ As a matter of law, the Ernst sign violated section 11.17.300 of the Spokane Municipal Code. Although it prob-

---

[2]Washington courts have adopted the 4-part test of Restatement (Second) of Torts § 286 (1965) for determining when the court may adopt a legislative enact-

ably was not a "projecting sign" as section 11.17.0210 of the code defined that term,[3] *all* signs within city limits were required to maintain a clear vertical distance of 10 feet above a sidewalk.[4] Therefore, the ordinance established the standard of conduct Ernst owed to invitees using the sidewalk in front of its store with respect to vertical clearances. Although breach of a standard imposed by ordinance is not, by itself, negligence per se, it is evidence of negligence. RCW 5.40.050.

---

ment as the standard of conduct. *Young v. Caravan Corp.*, 99 Wn.2d 655, 659-60, 663 P.2d 834, 672 P.2d 1267 (1983).

§ 286. When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286, at 25.

[3]The Spokane Municipal Code provides:

"11.17.0210 **Projecting Sign Defined.**

" 'Projecting sign' is a sign, other than a wall sign, which projects from and is supported by a wall of a building or structure." '

The Ernst sign would not be a projecting sign unless the fence and retaining wall it was attached to constituted a "structure". However, as stated herein, the classification of the sign is not determinative because *all* signs above a sidewalk were to maintain a 10-foot vertical clearance.

[4]Spokane Municipal Code 11.17.300 states in relevant part:

"A. As provided in subsection 11.17.210.A for projecting signs, *every* sign must maintain a clear vertical distance of ten feet above a sidewalk and fifteen feet above a vehicular way." (Italics ours.)

Although Ms. Zwarg cited Spokane Municipal Code 11.17.210 as authority on her proposed instruction, her expert witness testified on both direct examination and cross examination that the sign violated Spokane Municipal Code 11.17.300. In its ruling on jury instructions, the trial court also indicated it reviewed the entire sign code, which consisted of only a few pages. Since the nature and substance of Ms. Zwarg's objection was understood by the trial court, consideration of her claimed error is not precluded on appeal. *Van Hout v. Celotex Corp.*, 121 Wn.2d 697, 702-03, 853 P.2d 908 (1993); *Crossen v. Skagit Cy.*, 100 Wn.2d 355, 358-59, 669 P.2d 1244 (1983).

■ Without the proposed instruction, Ms. Zwarg could not argue her theory that Ernst was negligent because, as a matter of law, it maintained a sign in violation of the Spokane Municipal Code. Jury instructions are not sufficient if they do not allow counsel to argue their theory of the case. *Crossen v. Skagit Cy.*, 100 Wn.2d 355, 360, 669 P.2d 1244 (1983).

Ernst contends that even if its sign violated the city code, the instruction proposed did not correctly state the law because it referred to its sign as a "projecting sign". Ernst argues that a trial court has no duty to rewrite incorrect or inaccurate statements of law and cites *State v. Robinson*, 92 Wn.2d 357, 361, 597 P.2d 892 (1979) and *State v. Richard*, 4 Wn. App. 415, 429, 482 P.2d 343 (1971).

■ While projecting signs are given a technical definition in the Spokane Municipal Code, the ordinary meaning of a projecting object is one which protrudes or sticks out. *Random House Dictionary of the English Language* 1546 (2d ed. 1987). While another adjective may have been more appropriate in this case, the classification of the sign for purposes of the code was not determinative of the vertical clearance requirement and Ernst's standard of care. As drafted, the jury would not have been confused or misled by use of the adjective "projecting". The instruction could have been submitted as drafted. Unlike the instruction in *Robinson*, the proposed instruction correctly stated the law. Unlike the instruction in *Richard*, it did not contain objectionable language.

INSTRUCTION 12

We address next Ms. Zwarg's contention the trial court erred by giving instruction 12. According to Ms. Zwarg, the instruction should be given only when the dangerous condition is temporary. Here, there was no requirement of notice of the dangerous condition because it was created by the possessor's negligent conduct. She relies, in part, on *Wiltse v. Albertson's Inc.*, 116 Wn.2d 452, 805 P.2d 793 (1991); *Batten v. South Seattle Water Co.*, 65 Wn.2d 547, 398 P.2d 719 (1965); *Falconer v. Safeway Stores, Inc.*, 49 Wn.2d 478, 303

P.2d 294 (1956); *Russell v. Grandview*, 39 Wn.2d 551, 236 P.2d 1061 (1951).

Ernst contends it is a basic principle of negligence that the duty to use due care is predicated upon the knowledge of danger. *Leek v. Tacoma Baseball Club, Inc.*, 38 Wn.2d 362, 229 P.2d 329 (1951). Instruction 12 was taken directly from WPI 120.07 which in turn is based on the Restatement (Second) of Torts. Failure to give an instruction similar to WPI 120.07 has been held to constitute reversible error. *Pearce v. Motel 6, Inc.*, 28 Wn. App. 474, 624 P.2d 215, *review denied*, 95 Wn.2d 1024 (1981); *Huston v. First Church of God*, 46 Wn. App. 740, 732 P.2d 173, *review denied*, 108 Wn.2d 1018 (1987).

The record suggests that the sidewalk where the injury occurred was not a sidewalk owned or maintained by the City of Spokane, but a walkway owned or at least maintained by Ernst for the benefit of its customers and others using Franklin Park Mall. The court and the parties implicitly agreed Ms. Zwarg was an invitee when she was walking on the sidewalk.

The scope of the duty owed by one who possesses land is determined by the common law classification of the person entering on it. *Younce v. Ferguson*, 106 Wn.2d 658, 666-67, 724 P.2d 991 (1986). As to an invitee, a possessor of land has a duty to maintain its premises in a reasonably safe condition. *Egede-Nissen v. Crystal Mt., Inc.*, 93 Wn.2d 127, 132, 606 P.2d 1214 (1980). The duty extends to that portion of the premises arranged so as to lead an invitee to reasonably believe it is open to her. *Egede-Nissen*, at 132 (citing Restatement (Second) of Torts § 332, comment *l* (1965)).

As a general rule, a possessor of land is not liable to an invitee unless the possessor of land knew or should have known that the condition presented an unreasonable risk of harm, could not reasonably expect its invitees to realize the risk themselves, and failed to make the condition reasonably safe or warn the invitee. *Leek*, at 366; *Huston*; *Jarr v. Seeco Constr. Co.*, 35 Wn. App. 324, 329, 666 P.2d 392 (1983); *Pearce*. However, a plaintiff injured by the active negligence

of a possessor of land may recover without the landowner's actual or constructive notice of the existence of a danger so long as the danger was reasonably foreseeable. *Russell*; *Batten*; *Falconer*; *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 666 P.2d 888 (1983). In the latter case, the negligence consists of *creating* the dangerous condition, not in *permitting it to continue*. *Falconer*, at 480. As stated in *Pimentel*, at 49, *quoted and cited with approval in Wiltse v. Albertson's Inc., supra*:

> This does not change the general rule governing liability for failure to maintain premises in a reasonably safe condition: the unsafe condition must either be caused by the proprietor or his employees, or the proprietor must have actual or constructive notice of the unsafe condition.

■ As Ms. Zwarg contends, instruction 12, based on WPI 120.07, did not set forth the applicable law when an unsafe condition is created by the possessor of land. However, Ms. Zwarg did not propose a correct instruction and, as Ernst contends, she objected to a correct instruction proposed by Ernst.[5] That instruction distinguished between unsafe conditions which require proof of notice and unsafe conditions caused by the defendant, the same distinction Ms. Zwarg now complains the court did not make. Therefore, the error was invited. *State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990); *State v. Robinson*, 92 Wn.2d 357, 361, 597 P.2d 892 (1979).

We reverse and remand for retrial in accordance with this opinion.

SHIELDS, C.J., and SWEENEY, J., concur.

After modification, further reconsideration denied August 12, 1993.

Review granted at 123 Wn.2d 1013 (1994).

---

[5]Instruction 13, proposed by Ernst, stated:

"Plaintiffs have the burden of proving Ernst either had actual or constructive knowledge of the unsafe condition, or Ernst employees caused the unsafe condition."