[No. 60929-2.    En Banc.    August 18, 1994.]

LINDA TRUEAX, *Respondent*, v. ERNST HOME CENTER, INC., *Petitioner*.

*Ryan, Swanson & Cleveland,* by *Roger J. Kindley* and *John P. Mele,* for petitioner.

*Fred O. Montoya,* for respondent.

DOLLIVER, J. — Ernst Home Center seeks review of the Court of Appeals reversal of a jury verdict in its favor in a negligence action brought by Linda Trueax (now Linda Zwarg). Ernst contends the claimed error, the failure to give a proposed instruction, was not preserved for review under CR 51(f). We agree and reverse.

On November 29, 1987, Linda Zwarg and her daughter were window shopping at the Franklin Park Mall in Spokane, Washington. As they were leaving the mall, they walked along the front of the Ernst store and then down a sidewalk next to a chain link fence which enclosed part of the Ernst nursery. Two Ernst employees were making

wreaths at a table in the interior of the enclosure. Zwarg was walking on the inside of the sidewalk looking through the fence at the men making the wreaths when her head hit the corner of a rectangular metal "Lumber Pick-Up" sign.

The sign was located at the edge of the enclosure, was footed in the sidewalk, and was attached at the back to two metal poles which were anchored to the exterior of a low cement retaining wall. The wall also served as the base for the chain link fence which enclosed the area. The width of the sign, 18 inches, and the poles, 3 inches, caused the sign to extend 21 inches into the sidewalk. The bottom edge of the sign was $5^1/2$ feet above the sidewalk at head level for Zwarg, who is approximately 5 feet 6 inches tall.

Zwarg declined medical attention at the scene, but that night she had a headache, and the following morning her neck and shoulders were so stiff it was painful for her to move her head. Zwarg was diagnosed with a severe neck sprain and underwent chiropractic and physical therapy. There was also testimony that Zwarg's symptoms were caused by a preexisting degenerative disk disease, a form of arthritis.

On October 8, 1990, Zwarg filed suit alleging Ernst was negligent in the placement of the sign. At trial, Zwarg presented expert testimony from Edward Pool, a forensic engineer. Pool testified the sign was in violation of the Spokane Municipal Code (SMC) because the vertical clearance over the sidewalk was less than the 10 feet required. Pool testified he relied on SMC 11.17.210 and SMC 11.17.300 in forming his opinion.

SMC 11.17.210(A) provides:

> Any projecting sign must have vertical clearance above the sidewalk grade of at least ten feet . . ..

This code provision cross-references SMC 11.17.300, which provides:

> As provided in subsection 11.17.210.A for projecting signs, *every sign must maintain a clear vertical distance of ten feet above a sidewalk* . . ..

(Italics ours.) SMC 11.17.300(A). A "[p]rojecting sign" is defined as "a sign, other than a wall sign, which projects from and is supported by a wall of a building or structure." SMC 11.17.0210. A "[w]all sign" is defined as

> any sign attached to or erected against the wall of a building or structure, with the exposed face of the sign in a plane parallel to the plane of said wall, and which does not project more than twelve inches from the face of the building or structure.

SMC 11.17.0215.

Pool also testified he would characterize the sign "more as a pole sign", but that his opinion regarding the required 10-foot clearance above the sidewalk would not change as a result of that fact. A "'[p]ole sign' is a sign supported wholly by a pole or poles in the ground not part of a building." SMC 11.17.0209. Aside from the provision in SMC 11.17.300, which applies to all signs above sidewalks, the wall sign and pole sign ordinances, unlike the projecting sign ordinance, do not contain vertical clearance requirements.

Ernst presented expert testimony from John Johnston, an electrical sign manufacturer. Johnston testified the sign was a pole sign and did not require a 10-foot clearance. He also testified that a city planner told him that the sign met code requirements and that there were other pole signs in Spokane which projected into sidewalk areas.

Zwarg requested an instruction that "[a]ny projecting sign must have vertical clearance above the sidewalk grade of at least ten (10) feet." Clerk's Papers, at 33 (proposed instruction 6). As authority for this instruction, Zwarg cited SMC 11.17.210. Zwarg argued the sign was not a pole sign because the poles to which the sign was attached were anchored to the retaining wall below the chain link fence. The trial court declined to give this instruction because it felt the sign was a pole sign.

The jury found in favor of Ernst. Zwarg moved for judgment notwithstanding the verdict or for a new trial. The trial court adhered to its original decision regarding the vertical clearance instruction, but granted a new trial on the basis of an error in the duty instruction. On reconsideration,

the court reversed itself on that issue and reinstated the jury's verdict.

During argument on the motion for a new trial and on reconsideration, Zwarg apprised the trial court of her reliance on SMC 11.17.300. Zwarg also submitted the affidavit of Mr. Worlock, the city planner who spoke with John Johnston. Mr. Worlock relied upon SMC 11.17.300 in disavowing his alleged statement the sign met all city requirements.

Zwarg appealed. She cited SMC 11.17.300 in her statement of facts, but did not argue the applicability of that ordinance. Consistently, she asserted the clearance requirement for projecting signs in SMC 11.17.210 was applicable.

The Court of Appeals affirmed the trial court as to the duty instruction, but held the vertical clearance instruction should have been given pursuant to SMC 11.17.300 and a new trial granted. *Trueax v. Ernst Home Ctr., Inc.*, 70 Wn. App. 381, 853 P.2d 491 (1993). In so holding, the court held the issue was properly considered on appeal because Zwarg had sufficiently apprised the trial court of her reliance on SMC 11.17.300.

> Although Ms. Zwarg cited Spokane Municipal Code 11.17.210 as authority on her proposed instruction, her expert witness testified on both direct examination and cross examination that the sign violated Spokane Municipal Code 11.17.300. In its ruling on jury instructions, the trial court also indicated it reviewed the entire sign code, which consisted of only a few pages. Since the nature and substance of Ms. Zwarg's objection was understood by the trial court, consideration of her claimed error is not precluded on appeal.

(Citations omitted.) Order Amending Op. & Den. Recons., at 1. This court granted Ernst's petition for review.

Ernst does not challenge the applicability of SMC 11.17.300 to its sign. Rather, Ernst contends Zwarg did not preserve the instructional error on review in accordance with CR 51(f).

■ CR 51(f) provides:

> Before instructing the jury, the court shall supply counsel with copies of its proposed instructions which shall be numbered. Counsel shall then be afforded an opportunity in the absence of the jury to make objections to the giving of any

instruction and to the refusal to give a requested instruction. *The objector shall state distinctly the matter to which he objects and the grounds of his objection,* specifying the number, paragraph or particular part of the instruction to be given or refused and to which objection is made.

(Italics ours.) One purpose of CR 51(f) is " 'to clarify . . . the exact points of law and reasons upon which counsel argues the court is committing error about a particular instruction.' " *Walker v. State,* 121 Wn.2d 214, 217, 848 P.2d 721 (1993) (quoting *Stewart v. State,* 92 Wn.2d 285, 298, 597 P.2d 101 (1979)). Another purpose is *"to enable the trial court to correct any mistakes in the instructions in time to prevent the unnecessary expense of a second trial." Van Hout v. Celotex Corp.,* 121 Wn.2d 697, 703, 853 P.2d 908 (1993) (quoting *Estate of Ryder v. Kelley-Springfield Tire Co.,* 91 Wn.2d 111, 114, 587 P.2d 160, 16 A.L.R.4th 129 (1978)).

██ " 'The pertinent inquiry on review is whether the exception was sufficient to apprise the trial judge of the nature and substance of the objection.' " *Walker v. State,* 121 Wn.2d at 217 (quoting *Crossen v. Skagit Cy.,* 100 Wn.2d 355, 358, 669 P.2d 1244 (1983)). "If an exception is inadequate to apprise the judge of certain points of law, 'those points will not be considered on appeal.' " *Walker,* 121 Wn.2d at 217 (quoting *Crossen,* 100 Wn.2d at 359). *See Egede-Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 134, 606 P.2d 1214 (1980); *Stewart,* 92 Wn.2d at 298; *Bitzan v. Parisi,* 88 Wn.2d 116, 125, 558 P.2d 775 (1977). Instructional defects which are not brought to the attention of the trial court *in some manner* may not serve as the basis for a new trial. *See Van Hout,* 121 Wn.2d at 702-03; *Walker,* 121 Wn.2d at 217; *Schmidt v. Cornerstone Invs., Inc.,* 115 Wn.2d 148, 162-63, 795 P.2d 1143 (1990); *Egede-Nissen,* 93 Wn.2d at 134; *Reed v. Pennwalt Corp.,* 93 Wn.2d 5, 7, 604 P.2d 164 (1979). *See also Bitzan,* 88 Wn.2d at 125-26 (court raised violation of CR 51(f) sua sponte).

Clarity of argument is not determinative. For example, in *Egede-Nissen* an instruction was defective because it assumed the petitioner was an invitee as a matter of law. At

trial, counsel failed to directly make this point, but did state, " 'she had no right to be on the [ski] lift. There is no proof sufficient to cast her again in this category of an invitee.' " *Egede-Nissen*, 93 Wn.2d at 135-36. The court held this objection, while being "far from a model of clarity in precisely pointing out the ' "*points of law* or question of fact in dispute" ' . . ." sufficiently apprised the trial court of the defect in the instruction in the context of the litigation. *Egede-Nissen*, 93 Wn.2d at 135 (quoting *Ryder*, 91 Wn.2d at 114).

> Egede-Nissen's status aboard the lift was dependent upon the scope of the invitation extended to her by Crystal Mountain. The scope of the invitation was a contested matter to be resolved by the jury. As pointed out by the Court of Appeals . . ., the trial court erred in giving instruction No. 18, which assumed that Egede-Nissen had the status of an "invitee". The resolution of that question was dependent upon the facts to be found by the jury. We hold that the trial court was sufficiently apprised of the defect in instruction No. 18 and that the giving of the instruction constituted reversible error for which a new trial is required.

(Citation omitted.) *Egede-Nissen*, 93 Wn.2d at 136. In the context of the litigation, counsel's objection established the nature of the objection, the instruction's assumption Plaintiff was an invitee, and the substance of that objection, insufficiency of the evidence.

■ Here, the issue is whether Zwarg sufficiently apprised the trial court of her reliance on SMC 11.17.300 in objecting to its refusal to give the proposed vertical clearance instruction. In resolving this issue, we consider the content of the objection at the time of trial and the context in which it was taken, but do not consider statements made in the motion for a new trial, on reconsideration, or on appeal. *See, e.g., Bitzan v. Parisi*, 88 Wn.2d at 125.

When objecting to the court's failure to give the proposed vertical clearance instruction, Zwarg did not refer to SMC 11.17.300 or state or convey *in any manner* that all signs over sidewalks are subject to the 10-foot clearance requirement. Counsel argued:

> Now as I understand it, the Court has indicated that the Court is not going to give this instruction because the Court does not

believe that the retaining wall comes within the definition of a wall that the statute [SMC 11.17.210] refers to. The testimony by the defense expert . . . was that the sign was held up by two poles and that it was anchored to the retaining wall. The plaintiff would, primary exception the plaintiff takes to the Court's failure to give this instruction is that by the defendant's own testimony or Mr. Johnston's own testimony it was anchored to the wall. We believe that the Court's distinction that it was attached or anchored to the retaining wall as opposed to a continuous wall all the way up is a distinction without a difference, and we would strongly object to the Court's failure to give that. We feel that's strong error on the part of the Court.

Transcript, at 118. The trial court responded:

As to the failure to give plaintiffs proposed No. 6, regarding the city code, the reading of the statute by the Court causes me to believe that it does not apply, that this was, in fact, a pole sign, even though there might have been some anchoring to what Mr. Johnston called a wall. It's a very low [wall], at best you could call it some kind of retaining wall. Another term could be curbing, and reading of the ordinance indicates to me that it was not intended to apply to situations such as we have in this case.

Transcript, at 121.

Zwarg's objection and the court's response is based upon the assumption that the 10-foot vertical clearance requirement was only applicable to "projecting" signs and not to "pole" signs. This debate would have been irrelevant under SMC 11.17.300, which requires the 10-foot clearance for all signs over sidewalks. The objection fails to convey that SMC 11.17.300 provides the substance or fundamental basis for the challenge.

█ The context of the litigation does little to remedy this failure. The record indicates the dispute over the standard of care centered on whether the sign was a "projecting" sign or a "pole" sign. Ed Pool, a forensic engineer, mentions SMC 11.17.300 and SMC 11.17.210 as the bases for his opinion that the sign did not meet the standard of care under the Spokane Municipal Code. Without supporting argument, however, this testimony is insufficient under CR 51(f) to apprise the trial court of Zwarg's reliance on SMC 11.17.300 in objecting to the court's refusal to give proposed instruc-

tion 6. A trial court need not speculate as to the grounds for objections to its rulings.

We reverse the Court of Appeals and reinstate the jury verdict in favor of Ernst.

ANDERSEN, C.J., and DURHAM, SMITH, GUY, and MADSEN, JJ., concur.

JOHNSON, J. (dissenting) — I have no disagreement with the majority on the law of CR 51(f). I do disagree, however, with the majority's application of the rule in this case. Under the majority's hypertechnical reading of CR 51(f), an undisputed trial court error, raised and preserved at trial, goes uncorrected, and a plaintiff is prevented from arguing his or her theory of negligence to the jury.

The issue here is not, as the majority suggests, whether Zwarg sufficiently apprised the trial court of her reliance on Spokane Municipal Code (SMC) 11.17.300. Rather, the issue is whether Zwarg sufficiently apprised the court of the *basis* for her objection to the court's refusal to give her proposed jury instruction. *See Walker v. State*, 121 Wn.2d 214, 217, 848 P.2d 721 (1993) ("The pertinent inquiry on review is whether the exception was sufficient to apprise the trial judge of the nature and substance of the objection.") (quoting *Crossen v. Skagit Cy.*, 100 Wn.2d 355, 358, 669 P.2d 1244 (1983)).

This standard is easily satisfied here. Zwarg requested a jury instruction that the Ernst sign should have had a 10-foot vertical clearance above the sidewalk grade. The Spokane Municipal Code provides that "*every* sign must maintain a clear vertical distance of ten feet above a sidewalk". (Italics mine.) SMC 11.17.300(A). In support of her proposed instruction, Zwarg directed the trial court to the sign ordinance provisions of the code. Specifically, she directed the court to SMC 11.17.210(A), which, in turn, cross-references SMC 11.17.300. Moreover, Zwarg presented expert testimony from a forensic engineer who directed the court to SMC 11.17.210 *and* SMC 11.17.300, and who

explained that the Ernst sign violated the sign provisions of the code because the vertical clearance over the sidewalk was less than the 10 feet required.

Whether the sign violated the vertical clearance standards in the SMC was purely a question of law. It is the duty of the trial court to determine questions of law. *Ball v. Smith*, 87 Wn.2d 717, 722-23, 556 P.2d 936 (1976). Under these facts, it is difficult to fathom how the trial court concluded the sign code did not apply in this case. Yet, somehow, even though the trial court indicated it reviewed the entire sign code, which consists of only a few pages, it nevertheless *erroneously* interpreted the ordinances and denied Zwarg's instruction. The trial court's error prevented Ms. Zwarg from arguing her theory that Ernst was negligent because it maintained a sign in violation of the Spokane Municipal Code.

Under these facts, the trial court was sufficiently apprised of the basis for Zwarg's objection, and thus this error was properly preserved on appeal. Accordingly, I would affirm the Court of Appeals and would remand for retrial.

UTTER and BRACHTENBACH, JJ., concur with JOHNSON, J.