IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RAYMOND ROBINSON, | ) | |
| | ) | No. 31393-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. BANCORP, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

KORSMO, C.J. — Raymond Robinson appeals the trial court's dismissal at summary judgment of his action for personal injuries against U.S. Bancorp (Bank). We agree with the trial court that it was unforeseeable that Mr. Robinson would walk into the stairway he collided with. The order of dismissal is affirmed.

FACTS

Mr. Robinson was injured while visiting the Bank's property in Moses Lake on December 16, 2010. He parked his car in the branch bank's parking lot and visited a teller to obtain some money for his wife. He then returned to his car. When he reached it, he remembered that he had forgotten to obtain some money for himself. Rather than

return to the bank teller, he decided to use the outdoor automatic teller machine (ATM) on the far side of the building from where he was parked.

Mr. Robinson walked to the ATM via a concrete area that he thought was a shortcut around the building. This shortcut led him to a staircase adjacent to the building. Staring "straight ahead" and failing to duck, the 5'8" Mr. Robinson walked into the staircase with an approximate clearance of 4'11", thereby striking his head and injuring himself. After the accident, the Bank erected latticework around the staircase.

Mr. Robinson sued the Bank for his injuries. The Bank brought a motion for summary judgment, contending that Mr. Robinson failed to prove it breached any duty to him. The trial court granted the motion and dismissed the action. Mr. Robinson then timely appealed to this court.

## ANALYSIS

Mr. Robinson challenges the trial court's dismissal of his action as well as its refusal to consider the Bank's subsequent action in putting latticework around the staircase. We will address only the summary judgment issue since it is dispositive.[1]

This court reviews a summary judgment de novo, performing the same inquiry as the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The

---

[1] The ER 407 issue arose only in the summary judgment pleadings. The Bank included a photo of the latticework and indicated it was not waiving the protections of the rule, while Mr. Robinson argued that the court should consider the repairs as evidence of negligence. The trial court did not rule on the issue and this court need not do so.

facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party. *Id.* If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id.*

The moving party bears the initial burden of establishing that it is entitled to judgment because there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If a defendant makes that initial showing, then the burden shifts to the plaintiff to establish there is a genuine issue for the trier of fact. *Id.* at 225-26. "A material fact is one that affects the outcome of the litigation." *Owen v. Burlington N. & Santa Fe R.R. Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion" from the facts. *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985). A party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, it must put forth evidence showing the existence of a triable issue. *Id.*

In a negligence action, a plaintiff must establish "(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). Whether a duty of care is owed is a question of law. *Id.* at 128.

3

In a premises liability action, the common law classifications for a person's status determine the duty of care owed by a landowner. *Id.* The duty of care a land possessor owes to an invitee is:

> . . . subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, [he]
>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* at 138 (citing RESTATEMENT (SECOND) OF TORTS § 343 (1965)). Essentially, a landowner owes his invitees a duty to maintain the property in reasonably safe condition. *Ford v. Red Lion Inns*, 67 Wn. App. 766, 770, 840 P.2d 198 (1992).

If a landowner created the condition, then the landowner's notice of unreasonable risk of harm is waived, thus satisfying the first part of a defendant's duty of care to an invitee. *Trueax v. Ernst Home Ctr., Inc.*, 70 Wn. App. 381, 387-88, 853 P.2d 491 (1993), *rev'd on other grounds*, 124 Wn.2d 334, 878 P.2d 1208 (1994). However, even when the defendant has created the risk, the harm must still be foreseeable as provided in subsection (b) of the above-quoted *Restatement* test. *Id.* The exercise of reasonable care is undisputed, but as discussed below, it is the foreseeability requirement where Mr. Robinson fails.

4

When a risk is known and obvious, the "'possessor of land is not liable to . . . invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Tincani*, 124 Wn.2d at 139 (alteration in original) (quoting RESTATEMENT § 343A(1)). "Distraction, forgetfulness, or foreseeable, reasonable advantages from encountering the danger are factors which trigger the landowner's responsibility to warn of, or make safe, a known or obvious danger." *Id.* at 140.

Case law confirms that summary dismissal of premises liability claims is proper on the grounds that a hazard was obvious and the owner could not have anticipated the harm. For example, in *Ford*, the plaintiff parked his car in defendant's parking lot, pursuant to an arrangement made between plaintiff's employer and defendant. *Ford*, 67 Wn. App. at 768. The plaintiff noticed part of the parking lot was covered with ice and snow while other parts were bare and wet. *Id.* Over the objection of his supervisor, plaintiff walked from his vehicle to another area of the parking lot to help move barricades and injured himself when he fell. *Id.* In affirming the summary judgment, this court determined that there was no question of material fact as to the defendant's exercise of reasonable care or the existence of an unreasonable risk. *Id.* at 772-73. *See also Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 127, 52 P.3d 472 (2002) (affirming summary judgment where plaintiff's personal experience working in a dangerous

situation meant that the defendant could not have anticipated the harm that befell plaintiff).

In this case, it is undisputed that Mr. Robinson was an invitee of the Bank. Therefore, the Bank owed Mr. Robinson a duty to use reasonable care with respect to conditions on the premises that posed an unreasonable risk of harm. *See Tincani*, 124 Wn.2d at 138. The question is whether the staircase was known and obvious and whether the Bank should have anticipated Mr. Robinson's harm.

There is no evidence that the Bank should have expected that Mr. Robinson would not discover the risk or would fail to protect himself against it. The presence and height of a staircase is open and obvious, and any hazard presented by it could have been avoided had Mr. Robinson exercised reasonable care. Mr. Robinson's actions were similar to those of the plaintiffs seen in *Ford* and *Kamla*. Like the man in *Ford* who chose to walk around on an icy parking lot knowing that the conditions were icy, Mr. Robinson chose to walk on a concrete walkway knowing that there was an obvious condition—the staircase—in front of him. And like the plaintiff in *Kamla* who had personal experience working next to elevators, Mr. Robinson has surely had personal experience with dangers inherent in low clearance areas, such as the staircase at issue.

Mr. Robinson contends that the Bank did not need to have notice of the staircase's unreasonable risk of harm because it installed the staircase. However, Mr. Robinson fails to take into account the fact that the harm must still be foreseeable in order to impose

6

No. 31393-0-III
*Robinson v. U.S. Bancorp*

liability on the Bank. *See Trueax*, 70 Wn. App. at 387-88. While it is foreseeable that an invitee would walk around the bank on a concrete "walkway" in order to take a shortcut, it is not reasonably foreseeable that a 5'8" person would walk directly into a staircase with a 4'11" clearance without ducking.

The trial court correctly concluded that the injury was not foreseeable. Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____       _____
Kulik, J.                       Fearing, J.

7