IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DONALD DUANE IVERSON Jr., and LIBRA JEAN IVERSON, individually and as a marital community, | ) ) ) ) | No. 35589-6-III |
| Appellants, | ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| DUANE MUNN and JANE DOE MUNN, individually and as a marital community, DUANE MUNN & SONS FARMS, LLC, a Washington corporation doing business in the State of Washington, and DUANE MUNN FARM BUILDINGS, LLC, a Washington corporation doing business in the State of Washington, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, C.J. — Donald Iverson and Libra Iverson appeal the jury's

defense verdict. They argue instructional error. We affirm.

FACTS

Mr. Iverson began working for Sunheaven Farms in 2007. Sunheaven Farms

provided services to five different farms, including Duane Munn's farm, which was

operated by Duane Munn & Sons Farms, LLC (Munns).

On September 15, 2013, Mr. Iverson was called into work at approximately 9:00 p.m. to fix multiple produce sheds on multiple farms because they had lost power. The Munns' onion shed 4 was one of those sheds that lost power. On this specific night, Mr. Iverson entered the shed, his foot slid out from under him, and he fell down the stairs. Mr. Iverson alleges that he suffered severe injuries from this fall. The Iversons brought suit against the Munns for negligence based on premises liability.

In their trial brief, the Iversons raised the argument that the Munns breached their duty of care because they violated certain Washington Industrial Safety and Health Act of 1973 (WISHA), chapter 49.17 RCW, regulations. The alleged WISHA violations are described in WAC 296-307-26024, WAC 296-307-25018, and WAC 296-307-25021.

The Munns moved to exclude the Iversons' expert testimony that the stairs violated multiple WAC regulations because this theory of liability was not pleaded in the original or amended complaint. The Iversons and the court agreed this was not a WISHA case that would impose negligence per se if the Munns violated a WAC regulation. After considering the motion, the court excluded the Iversons' expert testimony regarding the stairs' possible violations of WAC regulations. Essentially, the court held the relevance would be minimal, but the potential for confusion could be great. Jurors might be

confused as to the requirements of the Munns and their duty in this case. The court heard a motion for reconsideration the following day but did not change its reasoning.

During trial, the Iversons elicited testimony from Duane Munn regarding his safety program and how it was in direct relation to the regulations he was required to follow. The court found that Duane Munn opened the door, and the court allowed the parties to address the regulations that apply to the stairs in question.

Next, the Iversons called expert Joellen Gill to the stand. Ms. Gill evaluated the stairs and, in her expert opinion, testified that these stairs violated three distinct WAC regulations and that these violations were contributing factors to Mr. Iverson's fall.

Once the parties presented their evidence, the court excused the jury. The court and the parties then discussed which of the parties' proposed jury instructions should be given. The Munns objected to the Iversons' proposed instructions 12, 13, 14, and 15. The Iversons agreed to withdraw their proposed instruction 13.

The Iversons' proposed jury instruction 15 read, "'a violation, if any, of an administrative rule is not necessarily negligence but may be considered by you as evidence in determining negligence.'" Report of Proceedings (Aug. 23-24, 2017) at 496. Their proposed instructions 12 and 14 were verbatim WAC regulations that Ms. Gill concluded the Munns' stairs violated.

When questioned by the court, the Iversons conceded that they would not be hampered from arguing their theory of the case without the WAC jury instructions, but they still argued the WAC regulations should be included. The court declined to include the Iversons' proposed jury instructions 12 and 14, but included 15. The court reasoned that if the WAC regulations were included in the instructions, it would give undue weight to those particular codes in determining negligence, and, without them, the Iversons would not be precluded from arguing their theory of the case.

The Iversons also objected to the court giving instruction 12, which was the Munns' proposed jury instruction 17. The instruction was based on *Restatement (Second) of Torts*, § 343A (1965). The instruction stated:

> An owner of premises is not liable to its business invitees for physical harm caused to the business invites by an activity or condition of the premises whose danger is known or obvious to the business invitees, unless the owner should anticipate the harm despite such knowledge or obviousness.

Clerk's Papers at 512.

The Iversons' argument was that this instruction was not appropriate because the case did not deal with a known or obvious dangerous condition. They did not raise any other objection to this specific instruction. The court decided to give the instruction after finding that it was supported by the law and was applicable in the case.

During closing argument, the Iversons discussed their expert witness's testimony that concluded the stairs violated WAC provisions and argued that those violations could be used to support a finding of negligence. The jury deliberated and returned a defense verdict.

The Iversons appealed.

ANALYSIS

The Iversons assert the trial court erred when it refused their proposed instructions 12 and 14 and when it failed to provide a complete instruction on the law with respect to its instruction 12.

We review a trial court's decision to give or refuse to give a proposed jury instruction for an abuse of discretion. *Fergen v. Sestero*, 182 Wn.2d 794, 802-03, 346 P.3d 708 (2015). "An abuse of discretion occurs only when the decision of the court is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

A.    NO ABUSE OF TRIAL COURT DISCRETION FOR NOT GIVING THE IVERSONS'
      PROPOSED INSTRUCTIONS 12 AND 14

The Iversons contend the court abused its discretion when it did not give their two proposed instructions on WAC regulations. We disagree.

5

Generally, "[j]ury instructions are proper when, read as a whole, they permit parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law." *Spivey v. City of Bellevue*, 187 Wn.2d 716, 738, 389 P.3d 504 (2017).

The Iversons conceded to the trial court that they could argue their theory of the case to the jury even if the trial court did not give their proposed instructions 12 and 14. In fact, they did argue their theory of the case to the jury and discussed their expert witness's testimony that concluded the stairs violated those particular WAC provisions. The trial court did not abuse its discretion by failing to give those two proposed instructions.

B.    NO ABUSE OF TRIAL COURT DISCRETION FOR GIVING ITS INSTRUCTION 12

The Iversons argue that instruction 12 was erroneous because it was an incomplete statement of the law. They argue, "'the WPI drafters . . . commented that in cases involving invitees and known or obvious dangers, *the jury should be instructed in accordance with both Sections 343 and 343A of the Restatement*." Appellants' Br. at 12 (alterations in original) (quoting *Suriano v. Sears, Roebuck & Co.*, 117 Wn. App. 819, 830, 72 P.3d 1097 (2003)). As noted previously, instruction 12 was based on § 343A.

Therefore, the Iversons are asserting that the court should have given an instruction based on *Restatement (Second) of Torts* § 343, which provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

In reviewing the court's instructions to the jury, we see that instruction 10 is substantially similar to § 343. Thus, the trial court did substantially give the instruction that the Iversons now complain on appeal was lacking.

Moreover, an appellate court will consider a claimed instructional error only if the appellant raised the specific issue by objection or exception at trial. *Van Hout v. Celotex Corp.*, 121 Wn.2d 697, 702-03, 853 P.2d 908 (1993).

Here, the Iversons neither objected to the language of instruction 10 nor did they object to the court's failure to include instructions 10 and 12 as one instruction. If these concerns are part of their claim of error on appeal, the claim was not preserved, and we will not review it.

No. 35589-6-III
*Iverson v. Munn*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.                    Pennell, J.

8